OPINION OF THE COURT — by the
Hon. EDWARD TURNER.
This is an action of assumpsit, and the declaration contains but one count, which is for money lent and advanced to, and paid, laid out and expended for the defendant below — plea, non assumpsit and issue and verdict for the plaintiff. . Two errors are assigned, and relied on by the plaintiff in error:
1st. That on the trial of the cause the court permitted Bixler, the plaintiff below, to give in evidence a judgment against him, the said Wright, as the maker of a prommissorypiote, and in favor of one Harwell, as the in-dorsee of the same.
2d. The court refused to admit any evidence on the part of him, the said Wright, to prove any failure of the consideration of said note, after the date ofthe said judgment against him, the said Wright, and in favor of the said Harwell.
On looking into the record, I find a bill of exceptions taken by the defendant below to the opinion of the court delivered on the offer of the defendant below, to give in evidence certain facts to the jury. The bill of exceptions recites the evidence which the plaintiff had given to support his cause before the jury, to which no objection appears to have been made by the defendant — and, of course, the first error assigned is inapplicable. A court, presiding over the trial by jury, is not to take exceptions to evidence offered by the parties — the parties themselves must look to that matter. If they stand by, and suffer illegal evidence to go to the jury, it is their own fault, and the court is not to blame. But, considering the *257 nature and intention of the plaintiffs demand, the records spoken of, were legal evidence. There are many cases where records between different parties, are legal evidence, and this is one of them.
2nd. As to the second error assigned, we have more difficulty in making the application of the principles, under this declaration than in the principles of law which should govern the defence set up by the defendant below.
The note in question was made by Wright, payable to Bixler, who assigned it to Harwell. The consideration for the note passed from Bixler to Wright, and our statute, and every principle of law and equity will admit of Wright showing the failure of consideration for which the note was given in a suit between’him and the payee; and also, in a suit between the maker and an indorsee. Can the payee, by assigning the note, impair the rights of the maker? surely' not. But to have reached the merits of the case, fairly and plainly, the plaintiff should have declared on the note, and added the usual money counts, including a count for mo ney had and received. We have .entertained some doubts, whether the evidence offered by the plaintiff, ought to have been admitted to go to the Jury in support of the plaintiff’s declaration. But as it was admitted without objection, the court, to do justice to the defendant, ought to have admitted his evidence, which became necessary and admissible, after that given by the plaintiff, in order to have the cause tried upon its merits. We think the court erred in refusing to allow the defendant permission to go into the consideration of the note in question, and that the verdict and judgment in the case of Harwell vs. Wright is not conclusive in the suit of Bixl er vs. W right.
Judgment reversed, and cause remanded, with leave to the parties to amend their pleadings, and venire facias de novo awarded.
Judges Child and Black concur.